**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAMADI HAMID SOULEMAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-154 |
| v. | |
| STEVE CHRONISTER, et al., | (JUDGE CAPUTO) |
| Defendants. | (MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Blewitt.  Because the Court finds no substance to the Plaintiff's objections to the Report and Recommendation, and no clear error in the overall Report and Recommendation, the objections will be denied and the Report and Recommendation will be adopted in full.

## BACKGROUND

Plaintiff Hamadi Hamid Souleman, currently an inmate at the Perry County Prison in New Bloomfield, Pennsylvania, filed his Complaint on January 26, 2012.  (Doc. 1.)  In his Complaint, Souleman alleges the following.  Souleman is currently an Immigration and Naturalization Service ("INS") detainee at the Perry County Prison.  On February 3, 2010, while an inmate at the York County Prison ("YCP") in York, Pennsylvania, Souleman was made to pack his belongings for an intra-prison transfer.  Since Defendant Captain Kluyber would not let Souleman out of his handcuffs, another inmate packed up Souleman's possessions for him. While this was occurring, Corrections Officer Domer pushed Souleman into a metal bed frame and then slammed him into a wall repeatedly.  Souleman, becoming dizzy, started to fall.  He was then kneed and pushed outside the cell and into a guardrail.

Captain Kluyber, apparently having witnessed the attack, refused to take Souleman to medical for treatment but directed him to fill out a sick call instead.  As a result of the assault, Souleman suffered injury in the form of a "lump in the brain and severe back pain and loss of memory."  (Compl. at 2, Doc. 1.)  This lump on his brain was not found until weeks later when Souleman was taken to the Apple Hill Clinic for a MRI.  This injury has caused Souleman to suffer from headaches, blurry vision, back pain, and loss of memory.

Further, on June 27, 2011, while still confined at YCP, Souleman refused treatment by an outside eye doctor and was placed in segregation as a result.  Defendant Captain Kluyber then confiscated all of Souleman's legal materials in connection with his immigration case, which have never been returned notwithstanding Souleman's appeal through the grievance process.

Souleman's instant Complaint brings a claim for excessive force against Defendant Corrections Officer Domer, and claims for denial of medical care, failure to protect, and denial of right to access to the courts against Defendant Captain Kluyber.  Souleman also implicates Defendants Steve Chronister and Doug Hoke, Commissioners of York County, based on their alleged failure to respond to his grievance appeals.[1]  Souleman seeks punitive damages, a declaratory judgment, and injunctive relief.   Souleman indicates that he has exhausted his administrative remedies.

Magistrate Judge Blewitt reviewed the Complaint pursuant to the Prison Litigation

---

[1] In his Objection, Souleman presents what appears to be an amended pleading.  While almost identical to his original Complaint, it drops Defendant Steve Chronister and incorporates Mary Sabol, the Warden of York County Prison.  As an initial matter, Souleman has not been given leave to amend his Complaint and this amended pleading will not be accepted.  However, even if it were accepted, the claim against Sabol would fail as there is not a single allegation attributed to her within it.

Reform Act of 1995.[1]   Since Souleman is a federal detainee of ICE awaiting immigration proceedings, Magistrate Judge Blewitt determined that Souleman's constitutional claims for excessive force and denial of medical care against the YCP Defendants fell under the Fourteenth Amendment's Due Process Clause.   As such, Magistrate Judge Blewitt recommended that Souleman's excessive force claim against Defendant Corrections Officer Domer should be allowed to proceed, as should his claims for failure to protect and denial of medical care against Defendant Captain Kluyber.   However, it was recommended that Souleman's claim against Defendant Captain Kluyber for denial of access to courts be dismissed without prejudice as Souleman had not pleaded any actual harm to his immigration court proceeding as result of Defendant Kluyber's alleged conduct.

Magistrate Judge Blewitt further recommended that Souleman's request for injunctive relief as to Defendants Corrections Officer Domer and Captain Kluyber be dismissed with prejudice as moot since Plaintiff is no longer confined at YCP.   Similarly, he also recommended that Souleman's request for declaratory judgment, insofar as it related to past conduct, should also be dismissed with prejudice as moot.   To the extent Souleman sought to recover monetary damages from the state actor Defendants in their official capacities, Magistrate Judge Blewitt noted that this was not permissible and recommended dismissal with prejudice as to those damages.[2]   Additionally, Magistrate Judge Blewitt recommended that both supervisory Defendants Hoke and Chronister be dismissed with prejudice as

---

[1] Magistrate Judge Blewitt reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) which provides that in proceedings in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[2] Magistrate Judge Blewitt also noted that, pursuant to Middle District Local Rule 8.1, Souleman's request for specific monetary damages should be stricken from his Complaint.

3

Souleman had impermissibly included them on a theory of *respondeat superior* as Souleman

had not stated any personal involvement on the part of either.

On March 26, 2012, Souleman filed his Objection to the Report and Recommendation

which is now ripe for the Court's review.

## DISCUSSION

### I. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct

a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099,

1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both

timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo*

review, the court may accept, reject, or modify, in whole or in part, the factual findings or

legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829

F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the

court to rely on the recommendations of the magistrate judge to the extent it deems proper.

*See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v.

United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested

portions of the report may be reviewed at a standard determined by the district court.  *See*

*Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court

should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v.

Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).  As such, the Court reviews the portions

of the Report and Recommendation to which the Petitioner objects *de novo*.  The remainder

of the Report and Recommendation is reviewed for clear error.

**II.      Analysis**

Souleman makes five (5) objections to Magistrate Judge Blewitt's Report and Recommendation.  Therefore, I will review de novo the Report and Recommendation as to these particular objections, but will adopt the remainder of the Report and Recommendation after having found no clear error.

### A.      Souleman's Removal from the United States on August 16, 2011

Souleman first objects to Magistrate Judge Blewitt's statements that Souleman had been previously removed from the United States on August 16, 2011.  In particular, Magistrate Judge Blewitt mentioned in footnote one of his Report and Recommendation that Souleman had filed two previous habeas corpus petitions with the Court, the most recent of which was denied as moot because Souleman had been removed from the United States on August 16, 2011.  While not relevant to the instant matter, the Court notes that the aforementioned habeas corpus petition was denied as moot because Souleman was no longer in ICE custody but in the custody of the Attorney General.  *See Souleman v. Holder*, 3:11-CV-1347, 2012 WL 32922 (M.D. Pa. Jan. 6, 2012) (Caputo, J.) *aff'd sub nom. Souleman v. Attorney Gen. U.S.A.*, 12-1154, 2012 WL 1144304 (3d Cir. Apr. 6, 2012).  In particular, that earlier matter explained that the United States had attempted to remove Souleman, but was prevented by his physical resistance.  The Court notes this inaccuracy in the Report and Recommendation, but will deny this objection as irrelevant to the instant matter which concerns an alleged assault and deprivation of legal materials.

### B.      Souleman's MRI Results

Souleman has attached a medical report to his Objection and states that "[r]esults

from the MRI show[] a cyst on the brain from the physical altercation." (Objection at 3.)  The relevance of this objection is unclear.   While Souleman may well have medical documentation to substantiate his claims beyond the pleading stage, these facts are not yet necessary to support his claims.  Moreover, the claims for which these facts may eventually be relevant–excessive force, failure to protect, and denial of medical care–were all left undisturbed by the Report and Recommendation.  Therefore, this objection will be denied.

### C.      Grievances Written by Eyewitnesses

In his third and fourth objections, Souleman represents that he has included with his objection two inmate grievances that were written by eyewitnesses to the assault and that he has five eyewitness who are apparently willing to testify on his behalf.  As above, such facts are not yet necessary for Souleman's Complaint to survive this initial screening stage. Moreover, the claims for which these facts may be eventually relevant–excessive force, failure to protect, and denial of medical care–were all left undisturbed by the Report and Recommendation.  Therefore, this objection will be denied.

### CONCLUSION

Upon review of Plaintiff Souleman's objections to Magistrate Judge Blewitt's Report and Recommendation, the Court finds no error and will adopt the Report and Recommendation in full.  An appropriate order follows.


 June 12, 2012                                        /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                United States District Judge