IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMADI HAMID SOULEMAN, | : | |
| | : | CIVIL ACTION NO. **3:CV-12-0154** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| STEVE CHRONISTER, | : | |
| *et al.*, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On January 26, 2012, Plaintiff, Hamadi Hamid Souleman, formerly an inmate at the York County Prison ("YCP"), York, Pennsylvania, and currently an inmate at the Perry County Prison ("PCP"), New Bloomfield, Pennsylvania, filed, *pro se,* a civil rights Complaint.[1] (Doc. 1). Plaintiff stated that his Complaint raised constitutional claims and was filed under 42 U.S.C. §1983. Plaintiff correctly states that this Court has jurisdiction over his §1983 action pursuant to 28 U.S.C. §1331 and § 1343(a).

---

[1] Plaintiff Souleman filed two previous actions with this Court, namely, *Souleman v. Sabol*, Civil No. 09-1981, M.D. Pa. and *Souleman v. Holder*, Civil No. 11-1347, M.D. Pa. Both of Plaintiff's prior cases were Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and the Court dismissed these cases.
   In Souleman's Civil No. 11-1347 case, the Court dismissed his habeas petition on January 6, 2012, as moot since he was no longer being detained at YCP by ICE and he was in the custody of the Attorney General. (*See* Doc. 15, p. 5, Souleman's Civil No. 12-0154 case). The Court's decision in Souleman's Civil No. 11-1347 habeas case is also found at 2012 WL 32922 (M.D. Pa. January 6, 2012) *aff'd sub nom*. 2012 WL 1144304 (3d Cir. April 6, 2012).

Additionally, Plaintiff correctly stated that venue was proper in this Court since his claims arose at YCP.

Plaintiff named as Defendants Steve Chronister, "Warden of York County Prison," Doug Hoke, "the Commissioner of the Pennsylvania Department of Corrections" ("PA DOC"), YCP Correctional Officer ("CO") #144 Domer, and Captain Kluyber of YCP. Plaintiff stated that Defendant Steve Chronister was "the Warden of York County Prison. She (sic) is legally responsible for the operation of York County Prison and for the welfare of all the inmates in that prison." (*Id*.). We took judicial notice that Mary Sabol was the Warden at YCP during the relevant times of this case, *i.e* February 2010 through June 2011, and that Sabol was currently the Warden at YCP. We also took judicial notice that Steve Chronister was a Commissioner of York County and that he did not work at YCP. Further, Doug Hoke was not an employee of the PA DOC. Hoke was also a York County Commissioner.[2]

Also, on February 6, 2012, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 5).

We screened Plaintiff 's Complaint as required by the Prison Litigation Reform Act of 1995.[3] We issued a Report and Recommendation ("R&R") on February 13, 2012, and we recommended that Plaintiff Souleman's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice. We also recommended that Plaintiff's request for

---

[2] We discovered that Defendants Chronister and Hoke were York County Commissioners from York County's website found at www.york-county.org.

[3] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

an injunction and his request for declaratory relief (Doc. 1, p. 3) be dismissed from this case with prejudice. Further, we recommended that Plaintiff's Complaint (Doc. 1) against Defendants York County Commissioners Chronister and Hoke be dismissed with prejudice. We recommended that Plaintiff's Fourteenth Amendment Due Process Clause excessive force claim against Defendant Domer and his failure to protect claim against Defendant Kluyber be allowed to proceed. We also recommended that Plaintiff's Fourteenth Amendment Due Process Clause denial of medical care claim against Defendant Kluyber be allowed to proceed. Further, we recommended that Plaintiff's denial of access to the immigration court claim against Defendant Kluyber be dismissed without prejudice. Finally, we recommended that this case be recommitted to the undersigned for further proceedings as against Defendants Domer and Kluyber. (Doc. 7).

  While our R&R was pending with the District Court, Plaintiff filed a Motion for Appointment of Counsel on February 14, 2012 (Doc. 8) and a Motion for Stay of Removal on June 6, 2012. **(Doc. 14)**. In this R&R, we address Plaintiff 's Motion for Stay of Removal.[4]

**II. Allegations of Complaint.**

  In his Complaint, Plaintiff stated that during his confinement at YCP, he was a federal detainee of "INS" and not "a criminal." (Doc. 1, p. 2). Thus, Plaintiff was a federal detainee of the U.S. Department of Homeland Security being confined at YCP while awaiting his removal proceedings before the Immigration Court. Plaintiff alleged that while he was a federal detainee confined at YCP, on February 3, 2010, he was returned to his housing unit in handcuffs escorted

---

[4]By separate Order, we address Plaintiff's Motion for Appointment of Counsel. (Doc. 8).

by Defendant Captain Kluyber to pack his belongings since he was going to be confined in the "BAU for an unauthorized area write-up." Another inmate (Farraj) was packing Plaintiff's possessions for him when Plaintiff asked Farraj to give him his (Plaintiff 's) attorney's card from his shirt on his bed. Plaintiff averred that "as [Farraj] put [the card] in my pocket, C/O Domer, Badge #144, pushed me into the single bed making m[e] hit my hip on the metal frame." (*Id*.). Plaintiff then averred that Defendant Domer pulled him and slammed him into the wall causing him to hit his head. Plaintiff stated that as he began to fall since he was dizzy, Defendant Domer grabbed him, kneed him and pushed him outside of the cell into the guard rail. Plaintiff stated that while he was still handcuffed, Defendant Domer pushed him down the hallway "until Capt. Kluyber came and walked me out the block." Plaintiff alleged that he asked Defendant Capt. Kluyber to take him to the medical department and that Capt. Kluyber told him to fill out a sick call request if he felt dizzy. Thus, Plaintiff averred that after the unprovoked assault on him by Defendant Domer, which was seemingly witnessed by Capt. Kluyber, he was denied medical care by Capt. Kluyber and taken directly to the BAU. Plaintiff also indicated that at no time was he a threat to Defendant Domer since he was handcuffed.

Plaintiff further alleged that he suffered injuries as a result of Defendant Domer's assault on him, including hitting his head on the wall, and that he has "a lump in the brain and severe back pain and loss of memory." (*Id*.). Plaintiff also alleged that the medical staff at YCP did not notify him that he had a lump in his brain and that the lump was discovered when he was taken to York County Hospital for a CAT scan and then to Apple Hill Clinic for an MRI. Plaintiff further alleged

4

that he was still suffering from headaches, blurry vision, back pain, and loss of memory due to the assault.

Moreover, Plaintiff averred that on June 27, 2011, while still confined at YCP, he refused treatment by an outside eye doctor for his eyes and that he was placed in segregation. Plaintiff averred that Defendant Capt. Kluyber then "took all [of his] legal paperwork and evidence to support [his] immigration case." (*Id*.). Plaintiff stated that all of his immigration evidence was taken and never returned to him.

Plaintiff stated that he filed grievances at YCP about the February 3, 2010 alleged assault by Defendant Domer as well as the immigration evidence that was allegedly taken by Defendant Kluyber. With respect to the alleged assault incident, Plaintiff stated that he filed a grievance (No. 033110E-1081) on February 3, 2010, and that it was denied on May 19, 2010. Plaintiff then stated that he appealed the denial of his grievance and that his appeal was denied. Plaintiff also stated that he filed a grievance about his confiscated immigration evidence and that he met with the YCP grievance counselor to have his evidence returned, but it could not be found. Plaintiff then stated that he appealed the grievance decision regarding his missing evidence to the YCP deputy warden and then to the York County Commissioners, and that his appeal was ignored and he never received a response.[5]

Thus, we found that Plaintiff was raising an excessive force claim against Defendant CO Domer, a denial of medical care claim against Defendant Kluyber, and a denial of right to access

---

[5]Thus, Plaintiff indicated in his Complaint that he filed grievances at YCP regarding his instant claims and that he exhausted his administrative remedies.

to the court claim against Defendant Kluyber. Plaintiff appeared to implicate Defendants Chronister and Hoke, Commissioners of York County, only based on their alleged failure to respond to his grievances final appeals.  We found that Plaintiff's  assault and denial of medical care claims were brought under the Fourteenth Amendment Due Process Clause since Plaintiff was a  federal detainee of ICE awaiting immigration proceedings.  *See Adekoya v. Chertoff*, 431 Fed.Appx. 85, 88 (3d Cir. 2011)("Because [Plaintiff] was an immigration detainee at the time of the alleged constitutional violations, he was entitled to the same protections as pretrial detainee."(citations omitted).  [W]hen pretrial detainees challenge their conditions of confinement, [the court] must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment." *Id.*(citations omitted).  Further, we found that Plaintiff has only named Chronister and Hoke as Defendants  based on *respondeat superior* and based on their alleged failure to respond to his grievances appeals.

On June 12, 2012, the Court adopted our Doc. 7 R&R.  (Doc. 15).  We directed service of Plaintiff 's Complaint on the remaining two Defendants, Domer and Kluyber.

**III. Discussion.**

In his 3-paragraph, 1-page Motion for Stay of Removal, Plaintiff simply states that he requests that this Court prevent the Government from removing him from the United States to central Africa since he "would like to stay do (sic) to [his instant] pending civil Law suit case ... ." (Doc. 14).   Plaintiff states that if he is removed to Africa while his present case is pending, he will not have access to this Court.

6

The Court in *Foreman v. Lowe*, 2007 WL 846649, *1 (M.D. Pa. 3-15-07), discussed the standards for considering a motion to stay removal. The *Foreman* Court quoted the Third Circuit in *Douglas v. Ashcroft*, 374 F.3d 230, 234 (3d Cir. 2004), which held "that the proper standard of review for motions to stay removal is the traditional four-part test for adjudicating motions for preliminary injunction ...." Thus, the *Foreman* Court stated "to obtain a stay movant must demonstrate: (1) a likelihood of success on the merits of the underlying claim; (2) that irreparable harm would occur if the stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that granting of the stay would serve the public interest." *Id*. (citing *Douglas v. Ashcroft*, 374 F.3d at 233).

Even if we assume that Plaintiff 's remaining Fourteenth Amendment Due Process Clause excessive force claim against Defendant Domer, his failure to protect claim against Defendant Kluyber, and his Fourteenth Amendment Due Process Clause denial of medical care claim against Defendant Kluyber have merit, we find that there is no potential harm to Plaintiff is he is removed from the Untied States while his instant case is pending. As in the *Foreman* case, we find that "the record is devoid of evidence that Plaintiff will be unable to pursue the instant Complaint if he is removed from the United States." *Id*. We also find, as the *Foreman* Court found, that "the interests of society are served by permitting the removal of aliens that are removable by order of an appropriate court or tribunal." *Id*.

7

Therefore, since we find that Plaintiff Souleman has not satisfied the above stated four-part test for a stay of removal, we will recommend that his Doc. 14 Motion be denied. 2010).[6]

**IV. Recommendation**.

Based on the above, it is respectfully recommended that Plaintiff Souleman's Motion for Stay of Removal **(Doc. 14)** be denied.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  June 15, 2012**

---

[6]Also, as we noted our Doc. 7 R&R, Souleman's present claims occurred during his prior confinement at YCP.  Plaintiff is subject to removal from the United States since he stated in his present Complaint that he was an immigration detainee of ICE at Perry County Prison.  We took judicial notice that Plaintiff has a pending criminal case against him in the Middle District of Pennsylvania  M.D. Pa. for failure to depart the United States, in violation of 8 U.S.C. § 1253(a)(1)©.  *See U.S. v. Souleman*, 11 CR-0273, M.D. Pa.  Jury selection in of Plaintiff's criminal case is scheduled for September 4, 2012 in Harrisburg.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMADI HAMID SOULEMAN, | : | |
| | : | CIVIL ACTION NO. **3:CV-12-0154** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| STEVE CHRONISTER, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 15 , 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: June 15, 2012**