# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMADI HAMID SOULEMAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-154 |
| v. | |
| STEVE CHRONISTER, et al., | (JUDGE CAPUTO) |
| Defendants. | (MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Blewitt recommending that Plaintiff's Motion for Stay of Removal be denied. Because I agree with the Magistrate Judge's ultimate conclusion, I will deny the Plaintiff's motion.

## BACKGROUND

Plaintiff Hamadi Hamid Souleman is currently an Immigration and Naturalization Service ("INS") detainee at the Perry County Prison in New Bloomfield, Pennsylvania. He has claims pending against Defendant Corrections Officer Domer for excessive force under the Fourteenth Amendment and Defendant Captain Kluyber for failure to protect under the Eighth Amendment and for denial of medical care under the Fourteenth Amendment.

Although it is not clear that he is facing imminent removal, on June 6, 2012, Souleman filed a Motion for Stay of Removal. (Doc. 14.) Magistrate Judge Blewitt then filed a Report and Recommendation on June 15, 2012 recommending that the motion be denied. (Doc. 7.) On March 26, 2012, Souleman filed his Objection to the Report and Recommendation which is now ripe for the Court's review.

## **DISCUSSION**

**I. Legal Standard**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the Report and Recommendation to which the Petitioner objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

**II.   Analysis**

Souleman's motion to stay is founded solely upon his desire to remain in the United States so that he can continue litigating his pending civil suit. (Mot. at 1, Doc. 14.) In his objection to the Report and Recommendation, Souleman argues that the Magistrate Judge

failed to adequately consider the elements of a motion to stay.

The Third Circuit has determined that "the proper standard of review for motions to stay removal is the traditional four-part test used for adjudicating motions for preliminary injunction." *Douglas v. Ashcroft*, 374 F.3d 230, 234 (3d Cir. 2004). This requires demonstrating: (1) a likelihood of success on the merits of the underlying claim; (2) that irreparable harm would occur if the stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest. *Id.* at 233.

First, here, there is no such "underlying claim." While Souleman does have a pending action in this Court, that action does not relate to his immigration status, but is a wholly independent civil action. In *Douglas*, when the Third Circuit delineated this standard, it was specifically considering "the standard . . . in ruling on a motion for a stay of removal pending a decision on the Petition for Review." *Id.* at 231. Here, there is no such petition for review and the first prong of the analysis therefore weighs strongly against Plaintiff.

As to the second prong, Magistrate Judge Blewitt found that the record was "devoid of evidence that Plaintiff will be unable to pursue the instant Complaint if he is removed from the United States." (Report and Recommendation at 7, Doc. 17 (quoting *Foreman v. Lowe*, 3:CV-06-0580, 2007 WL 846649, at *1 (M.D. Pa. Mar. 15, 2007) (Caputo, J.).) This is correct. However, in his Objection, Souleman argues that removal would make depositions impossible for a variety of specific reasons. As removal would hinder Souleman's ability to litigate his claim, this element does weigh in Plaintiff's favor. These considerations also weigh in Plaintiff's favor on the third element as removal would cause no harm to the Defendants but would seriously hinder Souleman's case.

The fourth element–the public interest–weighs heavily against the Plaintiff. As I have previously held, "the interests of society are served by permitting the removal of aliens that are removable by order of an appropriate court or tribunal." *Foreman v. Lowe*, 3:CV-06-0580, 2007 WL 846649, at *1 (M.D. Pa. Mar. 15, 2007) (Caputo, J.). Furthermore, allowing stays of removal for pending, unrelated civil lawsuits would create a perverse incentive for immigration detainees to file lawsuits to indefinitely delay their removal.

Therefore, while there would be hardship imposed on Souleman's case if he were removed, the balance of the relevant factors weighs in favor of denying his motion to stay removal. As such, I will adopt the Magistrate Judge's determination and will deny the Plaintiff's motion.

## **CONCLUSION**

For the reasons above, Plaintiff Hamadi Hamid Souleman's Motion for Stay of Removal will be denied. An appropriate order follows.


August 21, 2012                     /s/ A. Richard Caputo
Date                                A. Richard Caputo
                                    United States District Judge