# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMADI HAMID SOULEMAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-154 |
| v. | (JUDGE CAPUTO) |
| STEVE CHRONISTER, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiff Hamadi Hamid Souleman filed his Complaint in this matter on January 26, 2012. (Doc. 1.) At that time, Souleman was an Immigration and Naturalization Service ("INS") detainee at the Perry County Prison in New Bloomfield, Pennsylvania. In his Complaint, Souleman brought claims against officials at the York County Prison in York, Pennsylvania, stemming from events that occurred there in February 2010 and June 2011. Although the Court dismissed many of Souleman's claims, he was allowed to proceed on his excessive force claim against Defendant Corrections Officer Domer and his denial of medical care and failure to protect claims against Defendant Captain Kluyber. (Doc. 15.) The Court also denied Souleman's Motion for Stay of Removal, filed June 6, 2012 (Doc. 14), on August 21, 2012. (Doc. 24.)

Pursuant to the Scheduling Order for this matter, which was entered by the Court on September 25, 2012, discovery was to be completed by November 26, 2012 and dispositive motions were to be filed by December 28, 2012. (Doc. 28) On October 9, 2012, the Scheduling Order mailed to Souleman by the Court was returned as undeliverable. (Doc. 29.) A subsequent Scheduling Order of January 28, 2013 placed this matter on the Court's May 2013 trial list. (Doc. 30.) Since then, the records department at the York County Prison has verified that Souleman was deported from the United States to the Central African Republic in September 2012.

When this case was initially filed, Souleman was provided with a copy of this Court's Standing Practice Order, which provides in relevant part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 3.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Souleman was deported to the Central African Republic at least four months ago. He did not leave a forwarding address with the York County Prison or the Perry County Prison. Furthermore, he did not advise this Court of his change of address. Consequently, he has clearly failed to comply with a requirement of the Court's Standing Practice Order.

Souleman's failure has prevented the resolution of this matter. The Court's inability to communicate with him is solely the result of his own inaction. As his whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue. The Court is therefore satisfied that based on Souleman's failure to advise the Court of his new address, the dismissal of this action for failure to prosecute is warranted. *See Ramsaran v. Clinton Cnty. Corr. Facility*, No. 04-CV-1431, 2006 WL 224001 (M.D. Pa. Jan. 30, 2006).

Accordingly, it is **HEREBY ORDERED** that:

(1) Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

(2) The Clerk of Court is directed to mark this mater as **CLOSED**.

February 19, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

2